Eastern District of Kentucky
FILED
JUL 03 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 5:25-CR-87-REW-MAS

**CRAIG MARTEZ WILLIAMS,**
**aka HUSTLE,**
**JEROME ZACHARY NEWTON JR., and**
**ADRIAN KMARI LATTIMORE**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

Beginning on or about March 29, 2025, and continuing through on or about April 2, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**CRAIG MARTEZ WILLIAMS,**
**aka HUSTLE,**
**JEROME ZACHARY NEWTON JR., and**
**ADRIAN KMARI LATTIMORE**

did knowingly and intentionally conspire together and with others, both known and unknown to the Grand Jury, to distribute 400 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing carfentanyl (a fentanyl analogue), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

**Drug Quantity**

As to **CRAIG MARTEZ WILLIAMS, JEROME ZACHARY NEWTON JR. JR., and ADRIAN KMARI LATTIMORE,** the relevant drug quantity attributable to each defendant is 400 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing carfentanyl (a fentanyl analogue), a Schedule I controlled substance, all in violation of 21 U.S.C. §§ 841(b)(1)(A)(vi).

**COUNT 2**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

Beginning on or about March 29, 2025, and continuing through on or about April 2, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**CRAIG MARTEZ WILLIAMS,**
**aka HUSTLE,**
**JEROME ZACHARY NEWTON JR. JR., and**
**ADRIAN KMARI LATTIMORE**

aided and abetted by each other, did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture or substance containing carfentanyl (a fentanyl analogue), a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**21 U.S.C. § 851 Enhancement**

Before **CRAIG MARTEZ WILLIAMS** committed the offenses charged in Counts 1 and 2 of this Indictment, he had a final conviction for a serious drug felony, namely, a

conviction for possession with intent to distribute carfentanyl in violation of 21 U.S.C. § 841(a)(1) in the Southern District of Ohio, Case No. 17-CR-103-001. **WILLIAMS** was sentenced to 72 months' imprisonment on July 30, 2019. **WILLIAMS** served more than 12 months of imprisonment for this prior offense, and he was released from serving any term of imprisonment related to this offense within 15 years of the commencement of the instant offenses.

**21 U.S.C. § 851 Enhancement**

Before **JEROME ZACHARY NEWTON JR.**, committed the offenses charged in Counts 1 and 2 of this Indictment, he had a final conviction for a serious drug felony, namely, possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) in the Southern District of Ohio, Case No. 21-CR-127-011. **NEWTON** was sentenced to a term of imprisonment of time served—23 months and approximately fourteen days—on November 3, 2023. **NEWTON** also had a final conviction for a serious drug felony for trafficking in a controlled substance in the first degree (heroin) in Campbell Circuit Court (Kentucky), Case No. 12-CR-588. **NEWTON** was sentenced to 3 years' imprisonment on December 21, 2012. **NEWTON** served more than 12 months of imprisonment for each of these prior offenses, and he was released from serving any term of imprisonment related to these offenses within 15 years of the commencement of the instant offenses.

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

1. By virtue of the commission of the felony offenses alleged in Counts 1 and 2 of this Indictment, the same being punishable by imprisonment for more than one year,

**CRAIG MARTEZ WILLIAMS, aka HUSTLE, JEROME ZACHARY NEWTON JR., and ADRIAN KMARI LATTIMORE,** each shall forfeit to the United States any and all interest that he has in any property, real or personal, that was used or intended to be used to commit or facilitate the commission of the violation of 21 U.S.C. § 841(a)(1) and any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violation. Any and all interest that the defendants have in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**PAUL C. McCAFFREY**
**ACTING UNITED STATES ATTORNEY**

## PENALTIES

Not less than 10 years and not more than Life imprisonment, not more than a $5,000,000 fine, and at least 5 years supervised release.

**If at least one prior serious drug felony or serious violent felony conviction:** Imprisonment for not less than 15 years nor more than Life imprisonment, a fine of not more than $20,000,000, and not less than 10 years supervised release.

**If two or more prior serious drug felony or serious violent felony convictions:** Imprisonment for not less than 25 years nor more than Life imprisonment, a fine of not more than $20,000,000, and not less than 10 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.