UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:25-CR-87-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CRAIG MARTEZ WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 84 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Craig Martez Williams's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1). *See* DE 88 (Recommendation); *see also* DE 80 (Plea Agreement). Judge Stinnett expressly informed Williams of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 88 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 88, **ACCEPTS** Williams's guilty plea, and **ADJUDGES** Williams guilty of Count 1 of the Indictment.

   a.   The Plea Agreement's treatment of the § 851 notice is unclear, and the rearraignment did not address the predicate. DE 43 is the notice. The parties shall file notice by **April 30, 2026,** concerning the status of the predicate and what issues the parties intend to reserve for sentencing. If Williams is contesting his identity, the period served, or the stated release date, defense counsel should so indicate so that the Court may implement further pre-sentencing process in accordance with governing law. If Williams simply wants to preserve his opportunity to contest the predicate as qualifying under the legal definition of a serious drug felony, counsel should so indicate.

2. Further, although Williams conceded a nexus between the (generic) property and offense to which he is pleading guilty in his plea agreement, *see* DE 80, the Government has not identified any specific property subject to forfeiture, and the forfeiture provision does not reference a money judgment. Per Rule 32.2, the Court cannot preliminarily order forfeiture without determining whether the Government has established the requisite nexus between the targeted property and the offense. If the Government still seeks to pursue forfeiture, it shall file a motion addressing the specific property subject to forfeiture. If the motion is not joint, Defendant shall respond indicating his position. Both parties must address the

need for a hearing on forfeiture.  The motion is due within fourteen (14) days of this Order, and any response within seven (7) days of motion filing.

3.  The Court will issue a separate sentencing order.[1]

This the 23rd day of April, 2026.

Signed By:

**Robert E. Wier**

**United States District Judge**

---

[1] Williams was remanded to custody post-plea, which preserved his status following arraignment.  *See* DE 84; DE 24.  As such, Williams will remain in custody pending sentencing, subject to intervening orders.